UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW DALLAS MARTIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-110-RLW |
| ) | |
| CAPE GIRARDEAU COUNTY ) | |
| SHERIFF'S DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Matthew Dallas Martin, Jr.'s motion for leave to proceed *in forma pauperis*. (Docket No. 2). Having reviewed the financial information plaintiff submitted in support, the Court determines that he is unable to pay the full amount of the filing fee. The motion will therefore be granted. In addition, for the reasons explained below, plaintiff will be allowed to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement from the Cape Girardeau County Jail, where plaintiff was incarcerated at the time he filed the complaint. According to the statement, plaintiff has no funds in his prison inmate account available to pay the fee, and actually has a negative balance. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment or the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not

mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He names nine defendants: the Cape Girardeau County Sheriff's Department, the Cape Girardeau County Detention Center, Lieutenant T.C. Stevens, Sheriff John Jordan, Captain J.P. Mulcahy, Captain David James, Captain Ruth Ann Dickerson, Sergeant Unknown Davis, and his attorney, Andy Morris. He sues all defendants in their individual and official capacities.

The complaint is long and rambling, and includes a variety of allegations arising from different occurrences. For example, plaintiff alleges that Stevens told him he could not use the services of a notary public unless he had funds in his inmate account. Plaintiff also alleges that he has not received responses to grievances he has filed. Plaintiff writes "THERE IS NO WAY TO EXHAUST ADMINISTRATIVE REMEDY BECAUSE THERE IS NO ADMINISTRATIVE REMEDY TO EXHAUST!!!" (Docket No. 1 at 5) (emphasis in original). Plaintiff claims "this is causing me injury to my person" in that it is preventing him from avoiding warrants and potential loss of liberty. Plaintiff claims "the denial of meaningful access to the courts and a 'law library' is a reckless abandonment of an obligation of the state to provide

3

indigent inmates with items necessary to enforce their rights," and that Stevens told him the only access to the courts he is entitled to is through an attorney, and that the only means to obtain an appointed attorney is to complete an affidavit, which is a "unilateral adhesion contract" that will trick him into incurring debt for attorney services. (*Id.* at 6). Plaintiff complains about the services his appointed attorney provided, and claims that the Cape Girardeau County Detention Center subjects inmates to harsh treatment, fails to provide them with various supplies, and overcharges for commissary items. He seeks injunctive and monetary relief.

## Discussion

The complaint is subject to dismissal. It is long and rambling, and it contains so much extraneous information that it is difficult to discern exactly what claims plaintiff intends to bring against which defendant. It fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and it purports to bring multiple unrelated claims against not one but nine defendants, an impermissible pleading practice.[1] In addition, plaintiff merely lists the defendants' names in the caption of the complaint without specifying what each defendant personally did to violate his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."
Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

4

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[2] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two (2) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 13th day of September, 2017.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE