UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW DALLAS MARTIN, JR., ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> CAPE GIRARDEAU COUNTY ) </br> SHERIFF'S DEPARTMENT, et al., ) </br> ) </br> Defendants. ) | No. 1:17-cv-110-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by plaintiff Matthew Dallas Martin, Jr. This case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Background

On July 13, 2017, plaintiff filed this civil action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while he was a pretrial detainee at the Cape Girardeau County Detention Center. He sought and was granted leave to proceed in forma pauperis. Upon initial review, the Court noted that the complaint violated Rules 8 and 10 of the Federal Rules of Civil Procedure, purported to bring multiple unrelated claims against not one but nine defendants, and failed to allege facts showing how each defendant was responsible for violating plaintiff's rights. In consideration of plaintiff's pro se status, the Court permitted plaintiff leave to file an amended complaint. In so doing, the Court explained the deficiencies in the complaint, and gave clear instructions about how to cure them. When plaintiff filed other motions and documents instead of filing an amended complaint, the Court sua sponte granted him additional time to file an amended complaint. On October 5, 2017, plaintiff filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

1

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Amended Complaint

The amended complaint is long and rambling, and full of legalese and conclusory statements. However, it is clear that plaintiff intends to assert an access-to-courts claim. Plaintiff alleges that Stevens told him he was not entitled to free notary public services, and he also claims he was deprived of an adequate law library. He cites the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817 (1977), and alleges that Stevens told him that the jail's obligations pursuant thereto did not apply when a person was represented by counsel. Plaintiff alleges that "[t]he compounded and combined effects of the policies and agents of the defendant is producing troublesome and irritating interferences in the free exercise and assertion of my 1st amendment right to freedom of expression." (Docket No. 15 at 8). Plaintiff also claims that he did not receive responses to grievances he filed concerning the lack of free notary services.

## Discussion

Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires that inmates be provided adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. 817. Following *Bounds*, the Supreme Court held, based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

3

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative").

In the case at bar, plaintiff pleads no facts tending to show that the lack of a notary or the alleged deficiencies of the library deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action. Instead, plaintiff's allegations of injury are speculative. For example, he claims that the deprivations obstructed "the free exercise of my right to due process of law" and his rights secured by *Bounds v. Smith*, and are impeding his ability to:

> EXPRESS MYSELF with well-informed and factually substantiated opinions . . . These educated opinions I desire cannot be effectively expressed without first gaining access to the seeds of informative legal resource materials necessary to CULTIVATE THE MIND and help formulate the concepts into well informed and intelligent opinions formed upon the basis of firmly established, factual, and well defined jurisprudential concepts and substantiated caselaw citations; judicial rules; statutes; practice treatises; and annotated opinions of well qualified practitioners of law; including the rules of procedures.

4

(*Id.* at 5, 11) (emphasis in original). These allegations amount to mere speculation that injuries might occur or could have occurred. It therefore cannot be said that plaintiff alleges a cognizable injury, and the Court concludes that he lacks standing to bring an access to the courts claim against any of the named defendants.

In addition, it appears that plaintiff was represented by counsel. In his original complaint, plaintiff complained about the services his appointed attorney was providing. In addition, review of the public state records in plaintiff's pending criminal case indicates that he is being represented by the state public defender's office. *See State v. Matthew D. Martin*, Case No. 17CG-CR00868-01 (32nd Jud. Cir. May 24, 2017).[1] Plaintiff does not allege that any defendant hindered his ability to meet or confer or otherwise communicate with his attorney. Therefore, to the extent plaintiff's allegations could be understood to apply to his pending criminal case, it appears he was afforded "adequate assistance from persons trained in the law" as required by *Bounds*. *See Bounds*, 430 U.S. at 828 (pre-trial detainees must be afforded "adequate law libraries or adequate assistance from persons trained in the law").

Plaintiff also claims that his constitutional rights were violated because he did not receive responses to grievances he filed. These allegations do not state substantive constitutional claims. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one. Therefore, if a state elects to

---

[1] This Court takes judicial notice of this Missouri State Court record, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

5

provide a grievance mechanism, violations of it will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (inmate's allegation that defendant's denial of his grievances failed to state a substantive constitutional claim); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986).

Finally, plaintiff's claims against the Cape Girardeau County Sheriff's Department and the Cape Girardeau Detention Center are legally frivolous because jails, local government detention centers, and sheriff's departments are not suable entities. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such").

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for legal material access (Docket No. 8) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of November, 2017.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE